**Jack Ray McELWEE, Plaintiff-Appellant,**

v.

**Pat S. TODD et al., Defendants-Appellees.**

**No. 77–2494**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Herschel E. Richard, Jr., Charles G. Tutt, Shreveport, La., Gerard F. Thomas, Jr., Natchitoches, La., for plaintiff-appellant.

William P. Crews, Jr., R. Raymond Arthur, Natchitoches, La., for defendants-appellees.

Richard L. Prudhomme, pro se.

Before MORGAN, CLARK and TJO-FLAT, Circuit Judges.

PER CURIAM:

Appellant McElwee was employed as a fireman by the City of Natchitoches, Louisiana. On August 27, 1973, McElwee was arrested for possession of marijuana and, shortly after the arrest, the City discharged him. McElwee claimed that his arrest was the result of a scheme to entrap him. The Louisiana state trial court sustained McElwee's entrapment defense and dismissed the criminal charges against him. Alleging that his dismissal was unconstitutional, McElwee brought suit against the City of Natchitoches,[1] the Chief of Police, the Commissioner of Public Safety, and the policeman he claimed entrapped him, seeking relief under 42 U.S.C. § 1983 and under state law. The district court found for the defendants. We affirm.

Appellant asserts that the City violated the due process clause of the fourteenth amendment by failing to hold a hearing prior to his dismissal. The proscriptions of the due process clause are invoked only when the state deprives a person of some property or liberty interest protected under the fourteenth amendment. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556 (1972). McElwee did not establish either interest here.

Appellant's employment status was a protected property interest only if he had an express or implied right to continued employment. *Bishop v. Wood*, 426 U.S. 341, 343, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684, 689 (1976). The district court, in a finding of fact McElwee does not challenge, stated that McElwee was a "work test" or nontenured employee. Appellant contends that, despite this finding he had a right to continued employment because the City of Natchitoches usually retains employees hired on a probationary basis. In order for a claim of continued employment to be designated a property interest under the fourteenth amendment, appellant must have more than a unilateral expectation of em-

---

1. The district court dismissed the suit against the City, and appellant does not appeal that dismissal.

ployment. "He must, instead, have a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561 (1972). In this case, the evidence shows that the City had not usually discharged probationary employees. This fact, in and of itself, does not establish a legitimate claim to continued employment. The City had made no representations concerning McElwee's future employment status, nor could McElwee demonstrate that the city ordinances or state laws entitled him to continued employment. Thus, McElwee's employment status was not a property interest protected by the fourteenth amendment. *See Moore v. Otero,* 577 F.2d 435 (5th Cir. 1977).

■ Appellant also contends that the City infringed the liberty guaranteed him by the fourteenth amendment. McElwee claims that the dismissal based on the possession charge will substantially impede his efforts to seek other employment as a fireman and that due process therefore required the City to hold a hearing. Even assuming that McElwee was stigmatized by the City's action, he must, in order to establish a violation of the due process clause, allege that the stigmatizing fact was "substantially false." *Codd v. Velger,* 429 U.S. 624, 627, 97 S.Ct. 882, 884, 51 L.Ed.2d 92, 96 (1977).[2] It is uncontroverted that McElwee actually sold marijuana to a policeman. The only purpose served by a hearing would be to bring out the facts of McElwee's entrapment defense and to show that he was not a dealer.[3] Thus, McElwee does not

contest, and the hearing could not have expunged, the central reason for his dismissal, his possession of marijuana. Since this is the case, no hearing was required under the due process clause.[4]

Appellant's dismissal without a hearing did not violate the due process clause of the fourteenth amendment. The decision of the district court is

AFFIRMED.

---

2. In *Codd,* plaintiff claimed that the New York City Police Department violated the due process clause in discharging him without a hearing because of a suicide attempt. The court held no hearing was required since plaintiff did not allege that the employment records concerning the suicide attempt were substantially false.

3. As appellant states in his brief, "If Mr. McElwee had been given a hearing he could have shown that he was unlawfully entrapped and only provided marijuana to [the policeman] because he was a friend."

4. Appellant also contends that his dismissal violated the due process clause because it was arbitrary and capricious. As the Supreme Court stated in *Codd,*

Since the District Court found that respondent had no Fourteenth Amendment property interest in continued employment, the adequacy or even the existence of reasons for failing to rehire him presents no federal constitutional question. Only if the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination is such a hearing required.

429 U.S. at 628, 92 S.Ct. at 884, 51 L.Ed.2d at 97.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.