Kenneth G. SMITH, Plaintiff-Appellant,

v.

John LEHMAN, Secretary of the Navy, Washington, D.C., and the United States Department of the Navy, Defendants-Appellees.

No. 24, Docket 82–6074.

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1982.

Decided Sept. 15, 1982.

Certiorari Denied Jan. 24, 1983.

See 103 S.Ct. 820.

Barbara Simon, Mineola, N.Y. (David S. Heller, Glenna B. Rubin, Solerwitz, Solerwitz & Leeds, Mineola, N.Y., of counsel), for plaintiff-appellant.

Shira Ruskay, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Edward R. Korman, U.S. Atty., E.D.N.Y. and Miles M. Tepper, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for defendants-appellees.

Before KAUFMAN, NEWMAN and PIERCE, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

Smith appeals from Judge McLaughlin's grant of summary judgment to defendants, John Lehman, Secretary of the Navy and

The United States Department of the Navy, and from the dismissal of his complaint which alleged wrongful termination of federal employment. Because we agree that appellant has failed to raise a triable issue of material fact concerning his claim that he was deprived unconstitutionally of liberty and property interests, we affirm the judgment of the district court, 533 F.Supp. 1015.

Smith was hired by the Naval Investigative Service ("NIS") as a special agent on October 6, 1980. Applicable federal regulations [1] provided that the first year of his employment would be a probationary period. Pursuant to standard security clearance procedures, Smith was required to complete a written personal history statement (Form DD–398) which he submitted to the NIS on October 16, 1980. There were two inaccuracies in this statement.

In response to question # 18 which inquires about prior arrests, Smith wrote the following: "08--01–80 Disorderly conduct, Albany Police Court, Albany, New York Judge KEEGAN presided. Case dismissed." Smith had, in fact, been arrested while wearing woman's attire on August 1, 1980 in Albany, New York. Although one charge against him was dropped, Smith was convicted on his plea of guilty to a charge of disorderly conduct pursuant to N.Y. Penal Law § 240.20 (McKinney 1980), fined $100 and given a suspended sentence of 15 days. Also, Smith answered question 13 concerning his employment history by stating that he had left his previous position with the New York State Deputy Attorney General's Office because it was "not a permanent agency." In truth, Smith was asked to resign when that office learned of his arrest.

Despite Smith's refusal, given upon advice of counsel, to comply with a November 1980 request by the Defense Investigative Service ("DIS") for a signed waiver releasing his records, the DIS discovered the discrepancies between Smith's statements in his personal history and the actual record. On December 9, 1980 the Regional Director of Operations for the NIS attempted to interview Smith concerning those discrepancies. But Smith, again upon advice of counsel, refused to comment at that time.

Appellant was discharged on December 12, 1980. He was informed in writing by the Acting Director of the NIS that he was removed for "falsification of an official record." After seeking reinstatement, Smith was also notified by the Deputy Assistant Secretary of the Navy in a letter dated February 19, 1981 that his incorrect statements on Form DD–398 were a "violation of the U.S. Code" [2] and "inconsistent with the high standards demanded of a Naval Investigative Service Special Agent."

■■■ Smith filed suit in the United States District Court for the Eastern District of New York on April 3, 1981 alleging that the Navy had violated his constitutional rights and acted arbitrarily and capriciously in violation of the Administrative Procedure Act. [3] The district court initially found that 28 U.S.C. § 1331 [4] gave it jurisdiction over both of these claims. [5] The court held further that only those aspects of Smith's claims which alleged constitutional violations were not barred by the doctrine

1. 5 C.F.R. § 315.801 et seq.

2. See 18 U.S.C. § 1001.

3. 5 U.S.C. § 701 et seq.

4. 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

5. The district court correctly found that the Administrative Procedure Act, 5 U.S.C. § 701 et seq., itself could not serve as a basis for federal jurisdiction. Califano v. Sanders, 430 U.S. 99, 106 n. 6, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). Judge McLaughlin also properly rejected Smith's attempts to base jurisdiction on the Declaratory Judgment Act, 28 U.S.C. § 2201 and the "Further Relief" statute, 28 U.S.C. § 2202. These statutes furnish additional remedies but do not confer jurisdiction. See Warner-Jenkinson Co. v. Allied Chemical Corp., 567 F.2d 184, 186 (2d Cir. 1977). Smith's reliance for jurisdiction on the federal mandamus statute, 28 U.S.C. § 1361, is also unavailing.

of sovereign immunity.[6] Judge McLaughlin then concluded that Smith had not been deprived of a constitutionally recognized liberty or property interest. 533 F.Supp. 1015, 1019–21 (E.D.N.Y.1982).

On appeal Smith argues that the district court erred in rejecting his claim that the Fifth Amendment gave him the right to a hearing before he was dismissed from his job. We agree with Judge McLaughlin that this constitutional claim is sufficiently non-frivolous to create a basis for federal court jurisdiction pursuant to 28 U.S.C. § 1331. *See Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). We are also inclined to accept the district court's conclusion that Smith's constitutional claims are not barred by the doctrine of sovereign immunity, *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1948), even where the success of Smith's claims would require affirmative action on the part of the government.[7] This difficult sovereign immunity question need not be decided, however, because Smith's constitutional claims cannot succeed on the merits.

Smith contends that his Fifth Amendment rights were violated when he was dismissed without a hearing to determine the accuracy of his allegedly false statements or whether these statements were made in good faith. He argues that the Navy unconstitutionally deprived him of both liberty and property interests. Judge McLaughlin properly rejected these arguments.

Smith had no property interest in continued employment. Appellant's actions in falsifying an official record clearly cast doubt on his fitness as a special investiga-tive agent; moreover, he received written notice of the reasons for his separation. Applicable federal regulations provide that a probationary employee may be terminated upon notification "in writing as to why he is being separated and the effective date of the action," if at any time during the trial period his "conduct ... fails to demonstrate his fitness ... for continued employment." 5 C.F.R. § 315.804. Smith therefore had no statutorily based right either to continued employment or to contest the Navy's allegations at a hearing. The law is clear that the constitutionality of the regulatory scheme which denies probationary employees the right to a hearing is not subject to a successful challenge. *See Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974); *Heaphy v. United States Treasury Department,* 354 F.Supp. 396, 399–401 (S.D.N.Y. 1973), *aff'd,* 489 F.2d 735 (2d Cir. 1974). Accordingly, Smith cannot demonstrate a sufficient property interest to trigger due process protections. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

The appellant also argues that he was deprived unconstitutionally of a liberty interest.[8] He asserts that the Navy's decision to terminate his employment on the grounds that he "falsified an official record" will become part of his permanent employment history and that this will adversely affect his future job prospects. Smith contends that he should have been afforded a hearing to determine the accuracy of his statements on Form DD–398. Yet Smith's chief contention that his false statements were made in good faith, while rele-

---

**6.** Although the district court found jurisdiction, pursuant to 28 U.S.C. § 1331, for Smith's claim based on the Administrative Procedure Act, it found that claim barred by the doctrine of sovereign immunity. Smith does not challenge this finding on appeal, and we therefore decline to review it.

**7.** Judge McLaughlin's view that sovereign immunity does not apply in cases of alleged constitutional violations even where the sovereign is called upon to take affirmative action was proper. *See Hampton v. Mow Sun Wong,* 426 U.S. 88, 93 n. 5, 96 S.Ct. 1895, 1900 n. 5, 48 L.Ed.2d 495 (1975).

**8.** We note that Smith's status as a probationary employee did not diminish his constitutionally recognized liberty interest in protecting his reputation against the publication of false information by the Government. *See Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972).

vant to a criminal prosecution, *see* 18 U.S.C. § 1001, has no bearing on whether those statements provided grounds for his termination. And an accurate reference in his employment record to the fact of his incorrect statements concerning his conviction does not impair his liberty interest regardless of his alleged good faith in making the statements. Even if we interpret Smith's ambiguous argument to include a claim that the statements in his personal history were true, that claim would be insufficient to upset Judge McLaughlin's grant of summary judgment to the appellees. *See Securities and Exchange Commission v. Research Automation Corporation,* 585 F.2d 31 (2d Cir. 1978). While we recognize that summary judgment is inappropriate where a triable issue of material fact exists concerning the interpretation and possible ambiguity of private agreements entered into between parties, *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317 (2d Cir. 1975), the falsehood of appellant's statements in this case is uncontrovertibly established by the public record of his conviction. Smith cannot, therefore, challenge the "substantial accuracy" of the Navy's charges against him as he is required to do to demonstrate damage to his reputation. *Codd v. Velger,* 429 U.S. 624, 628–29, 97 S.Ct. 882, 884-885, 51 L.Ed.2d 92 (1977). Accordingly, appellant's claim that he was deprived unconstitutionally of a liberty interest is without merit.

The judgment of the district court is affirmed.