Francine TODD, Plaintiff,

v.

Nick NAVARRO, Sheriff, et al., Defendants.

No. 87–6151–CIV.

United States District Court, S.D. Florida.

March 31, 1988.

Ronald T. Spann, Ft. Lauderdale, Fla., for plaintiff.

Gordon D. Rogers, Miami, Fla., Alexander Cocalis, Ft. Lauderdale, Fla., for defendants.

ORDER ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, DEFENDANTS', NAVARRO AND LEE, SUPPLEMENTAL MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

PAINE, District Judge.

This cause comes before the court upon Defendants' Motion to Dismiss or for Summary Judgment (DE 32), Defendants', NAVARRO and TODD, Supplemental Motion to Dismiss or for Summary Judgment (DE 34), Plaintiff's Response to NAVARRO and TODD's Supplemental Motion (DE 46) and Plaintiff's Cross Motion for Summary Judgment (DE 54). The court, having reviewed the motions, submissions of the parties and the relevant authorities, renders the following order.

*Facts*

On February 27, 1987, Plaintiff, FRANCINE TODD, filed a complaint (DE 1) in this court seeking a declaratory judgment, temporary and permanent restraining orders, compensatory damages, punitive damages and attorney's fees and costs. The complaint alleges that Plaintiff was employed as a Deputy Sheriff by the Broward Sheriff's Office of Broward County for approximately two and one half years. In her capacity as a Deputy Sheriff, Plaintiff served as a corrections officer at the Main Detention Facility of the Broward County Jail. The Defendants are NICK NAVARRO, the Sheriff of Broward County, thirteen (13) individual employees of the Bro-

ward Sheriff's Office[1] and "ANY AND ALL PERSONS ACTING IN ACTIVE CONCERT WITH THE ABOVE DEFENDANTS,"[2] all sued individually and in their official capacities.

Plaintiff is, by her own admission, a lesbian. Plaintiff alleges that, while employed by the Broward Sheriff's Office, she maintained simultaneous lesbian relationships with Defendants CERRITO and YOUNG. CERRITO and YOUNG, according to the Plaintiff, eventually became aware that the Plaintiff was involved with both of them when previously each had believed that her relationship with the Plaintiff was exclusive. Plaintiff claims that as a result of this discovery, CERRITO and YOUNG entered a conspiracy with Defendants, CERRONE and ITAYIM, to publish throughout the Broward Sheriff's Office not only certain false statements but also the fact Plaintiff is a lesbian. This resulted in ITAYIM filing disciplinary charges against Plaintiff which contained not only allegations that Plaintiff was a lesbian but also allegations regarding instances of misconduct which Plaintiff claims are untrue. Plaintiff next alleges that Defendant, CHILDS, conspired with CERRITO, YOUNG, ITAYIM and CERRONE and, at an informal hearing concerning the charges against Plaintiff, testified that the charges were true. As a result Plaintiff was suspended without pay for fourteen (14) days and transferred to a lower classification. Plaintiff states that she was not given sufficient notice of the hearing nor the opportunity to consult with counsel, confront her accusers nor call witnesses on her behalf. Defendant, MATTHEWS, presided over the hearing. It is at this point, according to the Plaintiff, that he entered the conspiracy "to ultimately terminate the employment of the plaintiff with the Broward Sheriff's Office ... solely because she was a lesbian." Plaintiff next claims that Defendants, DODD and ROBERTS, signed the final order disciplining the Plaintiff after joining the conspiracy to terminate her employment.

Upon returning to work after her suspension, Plaintiff claims that Defendants, CLARKE, HENCH and KNORR, joined with those already mentioned to harass and verbally abuse the Plaintiff in an effort to coerce her to voluntarily resign from her job. Also, it is alleged that CERRONE and KNORR "maliciously published" the fact that Plaintiff was a lesbian to prisoners at the facility in which Plaintiff worked, at which point Plaintiff claims to have begun to fear for her personal safety.

At some point after the events above Plaintiff received notice that her dismissal had been recommended. Plaintiff alleges that the recommendation was issued by Defendant, ELKINS, and was based on false charges of absenteeism, malingering and failure to perform. When Plaintiff inquired about the charges, she alleges that she was informed that she had already been dismissed and was notified of a hearing to be held on February 23, 1987. She attended the hearing with her attorney at which time she alleges that, after inquiry by her attorney, she was again informed that she had already been dismissed. Defendants, DODD, ROBERTS and DELPRETE, were present at the hearing.

### Equal Protection

Plaintiff alleges that the Defendants have deprived her of her right to equal protection of the law, as guaranteed by the fifth and fourteenth amendments of the Constitution, in violation of 42 U.S.C. §§ 1983 and 1985(3). Plaintiff bases this claim upon her belief that she was fired solely because she is a lesbian. Defendants assert that Plaintiff's dismissal was based upon several specific instances of misconduct involving Plaintiff's alleged former lovers, CERRITO and YOUNG, malingering and excessive absenteeism, not

---

1. Commander Lee, Willis Roberts, Harris Dodd, James Matthews, John Elkins, Sergeant Childs, Gladys Clarke, James Hench, Lillian Itayim, James Cerrone, Pauline Cerrito, Tammy Young, Deputy Knorr.

2. The complaint (DE 1) also named all County Commissioners of Broward County as defendants. The court entered an order dismissing the case against the Commissioners on June 12, 1987 (DE 61).

homosexuality. However, Defendants argue that, because Plaintiff does not belong to a protected class of individuals, even if her homosexuality was the reason for her dismissal, their actions need only to be rationally related to a legitimate governmental purpose. Therefore, they argue that unless Plaintiff can show that Defendants actions were arbitrary and irrational, they are entitled to judgment in their favor as a matter of law.

To make out a prima facie case for discrimination on the basis of sex, Plaintiff must show that she is a member of a protected class. *Garner v. Wal–Mart Stores, Inc.*, 807 F.2d 1536, 1538 (11th Cir. 1987). If the plaintiff is not a member of one those groups considered "suspect" for equal protection purposes, the governmental action in question need only be rationally related to a legitimate purpose. *See Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976); *Dronenburg v. Zech*, 741 F.2d 1388 (D.C.Cir.1984).

A number of courts have declined to extend "suspect class" status to homosexuals. *See Padula v. Webster*, 822 F.2d 97 (D.C.Cir.1987); *Dronenburg*, 741 F.2d at 1388; *National Gay Task Force v. Board of Educ.* 729 F.2d 1270 (10th Cir.1984); *DeSantis v. Pacific Tel. & Tel. Co.*, 608 F.2d 327 (9th Cir.1979). *Cf. Smith v. Liberty Mut. Ins. Co.*, 569 F.2d 325 (5th Cir. 1978) (Plaintiff did not make out a case for sex discrimination under the Civil Rights Act when he claimed that he had not been hired on the basis his being "effeminate.") In *Padula*, the court based its refusal to extend protected class status to homosexuals upon two recent decisions, *Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986) and *Dronenburg*, 741 F.2d at 1388.

*Hardwick* did not address an equal protection claim. Rather, the Court was asked to rule upon the constitutionality of Georgia's criminal sodomy statute in the context of the plaintiff's right of privacy. In upholding the statute, the court found that a right to engage in consensual homosexual relations is not constitutionally protected as a fundamental right. *Hardwick*, 478

U.S. at 190–192, 106 S.Ct. at 2844. Similarly in *Dronenburg*, the court of appeals for the District of Columbia focused primarily on the right to privacy of a naval officer who had been discharged for engaging in homosexual conduct. However, unlike *Hardwick*, the plaintiff in *Dronenburg* also raised an equal protection claim. In that regard, the court found that since there is no constitutional right to engage in homosexual conduct, "appellant's right to equal protection is not infringed unless the navy's policy is not rationally related to a permissible end." *Dronenburg*, 741 F.2d at 1391 & 1397.

Based upon *Hardwick* and *Dronenburg* the court in *Padula* reasoned as follows:

> We therefore think the court's reasoning in *Hardwick* and *Dronenburg* forecloses appellant's efforts to gain suspect class status for practicing homosexuals. It would be quite anomalous, on its face, to declare status defined by conduct that states may constitutionally criminalize as deserving of strict scrutiny under the equal protection clause.

*Padula*, 822 F.2d at 103.

In *DeSantis* the court analyzed a sex discrimination claim in the context of both Title VII of the Civil Rights Act and 42 U.S.C. § 1985(3). Citing its earlier decision in *Holloway v. Arthur Andersen & Co.*, 566 F.2d 659 (9th Cir.1977), the court noted that both the apparent Congressional intent and the cases interpreting the Civil Rights Act have restricted the notion of "sex" to its traditional meaning. *DeSantis*, 608 F.2d at 329. The Act was intended to place women on equal footing with men. *Id.* With respect to the § 1985(3) claim, the court found that "[t]he courts have not designated homosexuals as a 'suspect' or 'quasi-suspect classification'...." This court agrees with the reasoning of the authorities cited above and finds that homosexuals are not a suspect class accorded strict scrutiny under the equal protection clause.

Defendants argue that since homosexuals are not a suspect class, their actions relating to Plaintiff's dismissal from her job need only be rationally related to a

legitimate purpose. In the context of both military and law enforcement personnel, dismissal for homosexuality has been found rationally related to a permissible end. *Dronenburg,* 741 F.2d at 1398; *Childers v. Dallas Police Dept.,* 513 F.Supp. 134 (N.D.Tex.1981) *aff'd mem.* 669 F.2d 732 (5th Cir.1982) (In finding a police department's refusal to hire a homosexual was rationally related to a legitimate government end, the court concluded "that the government's interests far outweigh any interest [the plaintiff] had in constitutional protection for his homosexual behavior." *Id.* at 146.)

The Defendants bear the burden of demonstrating that there is no genuine dispute as to any material fact. *American Viking Contractors, Inc. v. Scribner Equipment Co.* 745 F.2d 1365, 1369 (11th Cir.1984). Defendants' submissions indicate that the Broward Sheriff's office had several legitimate bases for Plaintiff's dismissal. See Affidavits in Support of Defendants' Motion to Dismiss or for Summary Judgment (DE 29, 30 & 31). Once the moving party has sufficiently supported the motion, the party opposing summary judgment must come forward with significant probative evidence demonstrating the existence of a triable issue of fact. *Ferguson v. National Broadcasting Co.,* 584 F.2d 111, 114 (5th Cir.1978). Plaintiff has not provided authority to show that she is a member of a protected class nor that her dismissal was not rationally related to a legitimate end. In fact, Plaintiff's Cross Motion in response to Defendants' Motion does not even address her equal protection claim. As a result, Plaintiff does not raise any genuine issue of material fact as is required to withstand a motion for summary judgment. The court finds that Defendants are entitled to judgment as a matter of law with respect to Plaintiff's equal protection claims under 42 U.S.C. §§ 1983 and 1985(3).

### Defendants Navarro and Lee

Defendants NAVARRO and LEE filed a separate Supplemental Motion to Dismiss or for Summary Judgment (DE 34) and an accompanying Memorandum of Law (DE 35) in which it is argued that the complaint is insufficient as to those two Defendants specifically. Both Defendants are named in the caption of the complaint and again later in that portion of the complaint which identifies the parties and their capacities. Neither NAVARRO nor LEE is mentioned anywhere in the substantive allegations of the document. Defendants argue that the complaint is deficient in that it attempts to hold them liable, pursuant to 42 U.S.C. § 1983, for the civil right violations of Broward Sheriff's Office employees under a theory of *respondeat superior* in violation of the Supreme Court's holding in *Monell v. Department of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Under *Monell,* a municipal defendant or local government official may not be sued directly under § 1983 for constitutional violations inflicted solely by employees or agents. *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.,* 98 S.Ct. at 2037–38. An official policy connected to the defendant must be identified and the execution of that policy shown to have caused the injury complained of by the plaintiff. *Bennett v. City of Slidell,* 728 F.2d 762 (5th Cir.1984) *modified* 735 F.2d 861 (5th Cir.1984) The plaintiff must also show an affirmative link between that policy and the particular constitutional violation. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Anderson v. City of Atlanta,* 778 F.2d 678 (11th Cir.1985).

Plaintiff's complaint alleges that "[t]he acts, practices and policies described above depict a concerted effort on the part of ..." certain of the Defendants to deprive Plaintiff of her constitutional rights. The "policy" itself is never specifically identified nor does Plaintiff ever allege that NAVARRO or LEE acted pursuant to that policy. Since neither NAVARRO nor

LEE is alleged to have personally implemented or executed a policy that caused injury to Plaintiff, she is apparently attempting to hold them liable solely for the acts of other Broward Sheriff's office employees. In this regard Plaintiff's complaint is deficient because neither of these Defendants may be held liable under § 1983 under the theory of *respondeat superior*. Therefore, Plaintiff's § 1983 claims against NAVARRO and LEE must be dismissed for failure to state a cause of action.[3]

### Due Process

■ Plaintiff alleges that, as a result of her suspension and subsequent dismissal, she has been deprived of her right to due process of law in violation of 42 U.S.C. § 1983. In order to succeed in such a claim, Plaintiff must demonstrate that the state deprived her of a protected liberty or property interest. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). In the instant case, Plaintiff must show that she had a property interest in continued employment. *Bishop v. Wood*, 426 U.S. 341, 343–47, 96 S.Ct. 2074, 2076–79, 48 L.Ed.2d 684 (1976); *Hearn v. City of Gainesville*, 688 F.2d 1328, 1332 (11th Cir.1982). State law determines whether a public employee has a legitimate entitlement to continued employment. *Hearn*, 688 F.2d at 1332. "Where a statute or ordinance lists specific grounds for discharge of a public employee or states that a public employee can only be terminated for just cause, Florida courts hold that the employee has a property right of which he cannot be deprived without due process." *Id.* See *Laney v. Holbrook*, 150 Fla. 622, 8 So.2d 465, 467 (1942); *Accord Ragucci v. City of Plantation*, 407 So.2d 932, 935 (Fla. 4th Dist.Ct.App.1981); *Cf. West v. Board of Commissioners*, 373 So.2d 83 (Fla. 3d Dist.Ct.App.1979). Plaintiff has not indicated the statute or ordinance under which she claims to be entitled

to continued public employment. Without such information, the court cannot find that Plaintiff had a property interest in her employment which entitled her to due process before she was deprived of it.

■ Nor has Plaintiff adequately shown that she was deprived of a liberty interest entitled to due process protection. If the Plaintiff's dismissal results in damage to her reputation to the extent that it will interfere with her ability to find future employment, a liberty interest worthy of protection is implicated. *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977); *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707; *Blanton v. Griel Memorial Psychiatric Hosp.*, 758 F.2d 1540 (11th Cir.1985). If a party is stigmatized by actions relating to his or her dismissal by an employer, a hearing must be provided to give the employee an opportunity to clear her name. *Velger*, 429 U.S. at 628; 97 S.Ct. at 884; *Williams v. West Jordan City*, 714 F.2d 1017 (10th Cir.1983); *Dennis v. S & S Consolidated School Dist.*, 577 F.2d 338 (5th Cir.1978). See *McElwee v. Todd*, 581 F.2d 1182 (5th Cir.1978). A plaintiff must allege that the accusations leading to dismissal were substantially false. *Velger*, 429 U.S. at 627, 97 S.Ct. at 884; *Blanton*, 758 F.2d at 1544; *West*, 714 F.2d at 1021–22. The interest in reputation alone is not a sufficient "liberty" interest to warrant an action in federal court. *Paul v. Davis*, 424 U.S. 693, 711, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976). Plaintiff must demonstrate more than defamation by a state official. *Id.* at 711–12, 96 S.Ct. at 1165–66.

■ In the instant case, Plaintiff appears to contend that despite the basis Defendants stated for her dismissal, she was wrongfully discharged from her position with the Broward Sheriff's Office solely because she is a homosexual. Plaintiff alleges that there existed a conspiracy to

---

**3.** Regardless of *Monell*, it may be proper to dismiss the complaint as a whole with respect to NAVARRO and LEE. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir.1974) held that "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name

appearing in the caption, the complaint is properly dismissed...." In the present case, NAVARRO and LEE appear only in the caption and the paragraphs which identify the parties. The complaint alleges no specific conduct by either Defendant. The logic of *Potter* is equally applicable here.

"publish certain false and malicious statements concerning the plaintiff which included the fact 'plaintiff is a lesbian and as such is not fit to be a Broward Deputy Sheriff.'" (DE 1 at 4–5). Plaintiff admits in her complaint that she is, in fact, a lesbian. (DE 1 at 3–4). Therefore, Plaintiff admits the truthfulness of the fact which she claims was the basis of her dismissal. Even though Plaintiff has alleged that the charges upon which her discharge was ostensibly based were false, she was, by her own admission (DE 1 at 9), afforded a hearing at which she had an opportunity "to clear her name." So, even if it could be argued that Plaintiff had sufficiently identified a liberty interest, she was provided the type of hearing required to satisfy due process. *See Velger,* 429 U.S. at 628, 97 S.Ct. at 884; *Williams,* 714 F.2d at 1021; *McElwee,* 581 F.2d at 1182.

With respect to Plaintiff's due process claims, the complaint is deficient on its face. It does not sufficiently allege either a liberty or property interest entitling her to due process before she was suspended or dismissed from her job. Therefore, Plaintiff's due process claims brought pursuant to 42 U.S.C. § 1983 must be dismissed for failure to state a cause of action.

### Conclusion

In view of all of the foregoing, it is hereby

ORDERED and ADJUDGED

(1) That, with respect to Plaintiff's claim that she was denied equal protection, Defendants' are entitled to judgment as a matter of law; therefore, their Motion to Dismiss or for Summary Judgment is GRANTED;

(2) that the Supplemental Motion to Dismiss or for Summary Judgment of Defendants NAVARRO and LEE is GRANTED;

(3) that, with respect to Plaintiff's due process claim, Plaintiff's complaint fails to state a cause of action, therefore Defendants' Motion to Dismiss or for Summary Judgment id GRANTED;

(4) that Defendants', NAVARRO and LEE, Motion to Strike (DE 62), Plaintiff's Motion to Vacate Protective Order (DE 65) and Plaintiff's Counsel's Motion to Withdraw (DE 67) are DENIED as moot.