**William F. HAWKSHEAD, Plaintiff,**

**v.**

**The COUNTY OF SARASOTA, et al., Defendants.**

**No. 89–565–CIV–T–17.**

United States District Court, M.D. Florida, Tampa Division.

May 29, 1990.

Stanley E. Marable, Sarasota, Fla., for plaintiff.

James D. Keeney, Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, Fla., for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion for summary judgment, Plaintiff's response thereto, and Defendants' reply.

### I. Facts

1. Plaintiff William Hawkshead commenced probationary employment as an emergency medical services dispatcher with the Sarasota County Fire Department on February 8, 1988, after being interviewed by Defendant Michael Tobias.

2. Plaintiff did not consider himself handicapped at that time and does not consider himself handicapped now. (Hawkshead Deposition, p. 100).

3. Before hiring Plaintiff, Michael Tobias contacted Lt. William Stookey at the Sarasota County Sheriff's Department, Plaintiff's former employer, and learned of Plaintiff's frequent absences. Defendant Tobias counseled Plaintiff at the outset of his probationary employment to avoid excessive absences. (Hawkshead Deposition, p. 86).

4. Plaintiff failed to disclose the full extent of his chronic medical conditions on his employment application with the County of Sarasota. (Hawkshead Deposition, 2/27/90, pp. 14–24).

5. Although Plaintiff claimed to be in good health during the probationary period, Plaintiff admitted that he required many lengthy hospitalizations on an emergency basis several times each year for almost ten years, which resulted in emergency absences from work.

6. Nothing occurred to alter this pattern until January, 1989, six months after the termination of Plaintiff's employment.

7. Plaintiff, two other full-time dispatchers, and one part-time dispatcher covered the emergency dispatching position 24 hours a day, seven days a week. Plaintiff generally worked two afternoon shifts, two midnight shifts, and one day shift, totalling 40 hours per week. Dispatchers were allowed to trade shifts with the permission of their supervisor.

8. If a dispatcher was absent from a scheduled shift, one or more of the other dispatchers was required to cover. This involved imposition on other employees, higher costs to Defendant because of the necessity of paying overtime, and risk to public safety due to fatigue.

9. By June 18, Plaintiff had been absent for six days due to illness, plus two days for bereavement leave. Plaintiff used

more sick time than he would have accrued had he been a regular employee.

10. On June 23, 1988, Defendant Tobias warned Plaintiff in writing that any further absence during the probationary period would result in his termination. (Tobias Deposition, p. 16).

11. On August 2, 1988, Plaintiff called in to report he was sick, and was again absent from work.

12. On August 4, 1988, on returning to work, Plaintiff was terminated.

13. The reason for the termination was the combination of all Plaintiff's absences. (Tobias Deposition, p. 19).

14. Plaintiff was terminated four days before the end of his probationary period. (Tobias Deposition, pp. 20–21).

15. Plaintiff never requested a hearing in connection with his discharge from employment. (Tobias Deposition, p. 93).

16. A week after his discharge, Plaintiff inquired of the County Personnel Department whether there was a grievance board for probationary employees, or if Plaintiff had other rights as a probationary employee.

17. Diane Brookins of the Personnel Department accurately informed Plaintiff that he had no right to a hearing before the Board of County Commissioners pursuant to the County Home Rule Charter. (Hawkshead Deposition, pp. 91–92).

18. Plaintiff admits he never requested any type of hearing in writing. (Hawkshead Deposition, p. 92).

## II. Standard of review

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274. The Court is satisfied that no factual disputes remain which preclude summary judgment.

## III. Count I—The Rehabilitation Act of 1973

■ Defendants argue that the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* is applicable only where there is "a program or activity receiving federal financial assistance." Plaintiff concedes that the Sarasota County Fire Department has received no federal financial assistance. Summary Judgment is granted to Defendants as to this issue.

## IV. Count II—Section 1983 Procedural Due Process and Equal Protection

■ In his complaint, Plaintiff charges that Defendants denied Plaintiff due process and equal protection under color of state law by unlawfully misclassifying and terminating Plaintiff without any notice or opportunity to be heard.

Defendants argue that Plaintiff has not demonstrated that he has been deprived of life, liberty or property which would trigger entitlement to due process.

As to the liberty interest, Defendants argue that Plaintiff has failed to establish the presence of stigmatizing charges, the falsity of the charges, their relationship to dismissal, or the publicity of the charges. Further, there is no dispute that Plaintiff was probationary employee, so that a pretermination hearing was not required. Plaintiff has brought forth nothing to rebut Defendants argument as to the liberty interest.

As to the property interest, Defendants argue that under applicable Florida law, an employee during the first six months of probation can be discharged without any hearing, since during this period the employee has no protected property interest in continued employment and the employer has the sole discretion to determine whether the employee's service is satisfactory. *Betts v. City of Edgewater,* 646 F.Supp. 1427 (M.D.Fla.1986); *Brew v. School Board of Orange County,* 626 F.Supp. 709 (M.D.Fla.1985); *Todd v. Navarro,* 698 F.Supp. 871 (S.D.Fla.1988); *Osman v. Hialeah Housing Authority,* 785 F.2d 1550 (11th Cir.1986); *Sullivan v. School Board of Pinellas County,* 773 F.2d 1182 (11th Cir.1985); *Crews v. Ellis,* 531 So.2d 1372 (Fla. 1st DCA 1988); *accord, Brevard County v. Miller,* 452 So.2d 1104 (Fla. 5th DCA 1984). *See, Blanton v. Griel Memorial Hospital,* 758 F.2d 1540 (11th Cir. 1985).

Defendant argues that Plaintiff cannot establish the required elements for a violation of § 1983 premised upon a denial of substantive due process or equal protection. In addition to a loss of life, liberty, or property, Plaintiff is required to establish that the violation was intentional and not rationally related to any legitimate state interest or governmental objective. Defendant contends that Plaintiff has neither alleged nor proven that he is a member of any protected class nor that any of his fundamental rights have been abridged. Defendant also contends that Plaintiff has failed to allege or establish on the record that Defendants' actions were pursuant to any official policy or custom.

Plaintiff responds that in an interoffice memorandum dated June 23, 1988, Defendant Tobias informed Plaintiff that, while Tobias was concerned about Plaintiff's use of sick leave, Plaintiff's employment would continue, and this memorandum created an objective expectancy of employment. Plaintiff further argues that Defendant Tobias later ignored the June 23rd memorandum and decided to terminate Plaintiff prior to the conclusion of his probation. Plaintiff contends that under these circumstances, Plaintiff enjoyed a constitutionally protected property interest in continued employment. The Court does not agree. The decision to terminate an employee during the probationary period is entirely within the employer's discretion. The case law is clear that there is no right to a hearing prior to termination for a probationary employee under Florida law.

█ As Defendants state, in Florida the "at-will" employment doctrine remains controlling, and allows an employer to discharge an employee at any time for any reason or even for no reason at all. The gratuitous utterance of a statement does not, in and of itself, vest the employee with any property interest in continued employment. A vesting of rights occurs in Florida only if and when explicit mutual promises are exchanged and agreed on by the parties. *Muller v. Stromberg Carlson Corp.,* 427 So.2d 266 (Fla. 2nd DCA 1983). The Court grants summary judgment to Defendants.

## V. Pendent Claim

Since the federal claims are resolved in favor of Defendants, the Court declines to exercise its discretion as to the pendent state claim and dismisses this case. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, it is

ORDERED that Defendants' motion for summary judgment is *granted,* and the Clerk of Court is directed to enter a final judgment of dismissal.

DONE and ORDERED.