**Salome QUINONES, Plaintiff-Appellant,**

v.

**Chester SZORC, Defendant-Appellee.**

**No. 84–3134.**

United States Court of Appeals, Seventh Circuit.

Argued June 4, 1985.

Decided Aug. 22, 1985.

David F. Graham, Sidley & Austin, Chicago, Ill., for plaintiff-appellant.

Sylvia A. Sotiras, William J. Harte, Ltd., Chicago, Ill., for defendant-appellee.

Before CUDAHY and EASTERBROOK, Circuit Judges, and SWYGERT, Senior Circuit Judge.

SWYGERT, Senior Circuit Judge.

This section 1985(3) action, *see* 42 U.S.C. § 1985(3) (1982), arises out of a dispute that occurred during the 1983 election for Mayor of the City of Chicago. Plaintiff-appellant Salome Quinones appeals from an order of the United States District Court for the Northern District of Illinois granting the defendant-appellee Chester Szorc's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). We reverse.

The allegations of plaintiff's complaint which must be taken as true for purposes of the motion to dismiss, *see Greene v. Finley*, 749 F.2d 467, 468 (7th Cir.1984), are as follows. Quinones, a Latino, campaigned for the election of Harold Washington, a black, for Mayor of Chicago. Chester Szorc and John Doe, both white males, opposed Washington's candidacy. Szorc was a precinct captain for the Democratic Party and the Regular Democratic Organization of the 32nd Ward in Chicago. Doe is neither a hypothetical nor imaginary figure, but is an "associate" of Szorc's whom Quinones is presently unable to identify.

On April 9, 1983, Szorc telephoned Quinones, threatening to "get" him if he continued to advocate, support, or campaign for Washington's election. On or before April 11, at an unknown place and time, Szorc and Doe met and agreed to physically and verbally intimidate Quinones. In particular, they agreed to drive together in an automobile, to locate Quinones, to have Szorc assault, batter and intimidate him, while Doe would remain in the car with the engine running and act as a get-away driver. On April 11, at approximately 4:20 p.m., Quinones was campaigning for Washington on the 1800 block of North Leavitt Street in Chicago. Szorc and Doe approached him in a car. Szorc got out, and Doe remained in the car with the engine running. Szorc repeatedly attacked Quinones, struck him on the head and chest, threatened to "kill" him, pointed a gun and pulled the trigger twice. When no bullets emerged, Szorc again threatened to "get" Quinones "when the election was over," got back into the car, and drove away with Doe.

The district judge granted Szorc's motion to dismiss, *see* Fed.R.Civ.P. 12(b)(6), holding that "a complaint must allege with particularity that there has been a conspir-

acy to violate a plaintiff's constitutional rights and that there is some racial or other class-based discriminatory animus behind the conspirator's action." [1]

■ Quinones argues that his amended complaint sufficiently alleges Szorc's and Doe's conspiratorial agreement, *see Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Hoffman v. Halden,* 268 F.2d 280, 294–95 (9th Cir.1959), *overruled in part on other grounds, Cohen v. Norris,* 300 F.2d 24, 29–30 (9th Cir.1962), and that the district judge incorrectly required specific facts detailing the conspiracy's formation. We agree. The very nature of a conspiracy obscures most, if not all, information about the alleged conspirators' agreement; circumstantial evidence of the conspiracy, particularly regarding the overt acts performed in furtherance of the conspiracy, is all that is ordinarily obtainable before discovery and trial. This is particularly true where, as here, much of the information regarding Doe's identity and the formation of the conspiracy are in the hands of the defendant. *See Hampton v. Hanrahan,* 600 F.2d 600, 620, 621 (7th Cir.1979), *modified on other grounds,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *Hoffman,* 268 F.2d at 294–95. Therefore, in a section 1985(3) action, the complaint must simply plead sufficient facts from which a conspiracy can be inferred; the facts detailing the conspiratorial agreement can be pleaded generally, while those facts documenting the overt acts must be pleaded [2]

specifically. *Magayanes v. City of Chicago,* 496 F.Supp. 812, 815–16 (N.D.Ill.1980); *Maniaci v. Warren,* 314 F.Supp. 853, 856 (W.D.Wis.1970). *See Griffin,* 403 U.S. at 102, 91 S.Ct. at 1798; *Lenard v. Argento,* 699 F.2d 874, 883 (7th Cir.) (quoting *Hoffman,* 268 F.2d at 294–95), *cert. denied,* —— U.S. ——, 104 S.Ct. 69, 78 L.Ed.2d 84 (1983). *See also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

Although unable to specify the time and place of the conspiracy's formation, Quinones alleges that Szorc and Doe met and agreed to assault, batter, and intimidate him. Pursuant to their agreement and in furtherance of their conspiracy, they searched for, located, pushed, struck, and threatened him. Plaintiff in the instant case has adequately alleged a conspiratorial agreement.[2]

■ Quinones similarly argues that the amended complaint sufficiently pleaded the conspiracy's purpose, alleging that Szorc and Doe acted upon a racially-discriminatory animus directed against Quinones and other non-white citizens, and also against Washington and his supporters. Taken as true, *Greene,* 749 F.2d at 468, both allegations support a claim of racially-discriminatory animus. *See United Brotherhood of Carpenters & Joiners of America v. Scott,* 463 U.S. 825, 836, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983); *Griffin,* 403 U.S. at 103, 91 S.Ct. at 1798; *Hampton,* 600 F.2d at 623 n. 22.[3]

---

1. To make out a valid cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property or a deprivation of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters & Joiners of America v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3355–56, 77 L.Ed.2d 1049 (1983). The significant issues in this appeal relate to the sufficiency of the complaint in pleading the first and second elements.

2. In dismissing the instant action, the district judge relied on *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981). But, in *Briscoe,* this court sustained the motion to dismiss not because the plaintiff failed to allege specific facts detailing the conspiracy's formation, but rather because the plaintiff did not allege *any* facts that supported *any* inference of a conspiratorial agreement. *Id.* Thus, *Briscoe* does not control the case at bar.

3. The district judge not only applied the wrong standard for determining the complaint's sufficiency, but also (apparently) incorrectly examined and determined the complaint's truthfulness. *Greene v. Finley,* 749 F.2d 467, 468 (7th Cir.1984). It is axiomatic that, to withstand a motion to dismiss, a plaintiff is not required to

The instant case is indistinguishable from *Griffin*. There, the plaintiff alleged that the defendants conspired to block his passage, to threaten to kill him, and to assault and batter him. The conspiracy's purpose was to prevent him and other blacks, through violence and intimidation, from seeking the equal protection of the laws and from enjoying equal rights, privileges, and immunities of citizens under the laws of the United States and the State of Mississippi. The Supreme Court held that the plaintiff "fully alleges, with particulars," a conspiratorial agreement. *Griffin*, 403 U.S. at 103, 91 S.Ct. at 1799.

The order of the district court is reversed and the cause remanded for further proceedings consistent with this opinion. Circuit Rule 18 shall apply.

provide evidence of or prove the truthfulness of    his complaint.