Gerald PLAMBECK, et al., Plaintiffs,

v.

John STONE, et al., Defendants.

No. 85 C 7523.

United States District Court,
N.D. Illinois, E.D.

May 7, 1986.

---

Gary E. Dienstag, Springer, Casey, Haas, Dienstag & Silverman, Chicago, Ill., Michael T. Norris, Rolling Meadows, Ill., Anthony Pinelli, Chicago, Ill., for plaintiffs.

Gregory G. Lawton, Sarah Hansen Sotos, Judge & Knight, Ltd., Park Ridge, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, Senior District Judge.

Plaintiffs have filed a five count complaint against the Village of Wheeling, Illinois (Village), and certain of its police officers. The defendants move to dismiss certain portions of the complaint.[1]

### I. *Factual Background*

The complaint contains the following allegations which, for purposes of this motion, are taken as true. On October 11, 1983, defendants William Stutzman (Stutzman) and John Stone (Stone), wearing plain clothes, traveled in an unmarked police vehicle to the plaintiffs' home in Arlington Heights, Illinois, to serve an arrest warrant upon plaintiff Gerald Plambeck. Plambeck was at home with his family—Anita Plambeck, Shari Plambeck, Cindy Plambeck, Anita Plambeck, Jr. (a minor), Christine Wrenn, and Alisa Wrenn (a minor).

Stutzman and Stone met Gerald Plambeck and informed him of their purpose. Plambeck asked the officers to produce the warrant, but the officers did not do so. Plambeck then attempted to place a phone call to the Arlington Heights police. At

---

1. Dismissal for failure to state a claim is proper only if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must take all the complaint's wellpleaded allegations as true and view them, together with all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiffs. *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir. 1981).

that time, a fight broke out. Allegedly without provocation, Stutzman began choking Gerald Plambeck. Shari and Cindy Plambeck came to Gerald Plambeck's aid. By plaintiffs' account, Stone and Stutzman assaulted Gerald, Anita, Shari, and Cindy Plambeck. Plaintiffs claim Anita Plambeck and Anita Plambeck, Jr. were also pushed, shoved and beaten. Christine and Alisa Wrenn witnessed these events.

At some point, defendant Thomas Lorenz, another officer, arrived and assisted Stone and Stutzman in handcuffing Gerald Plambeck. At that time, Lorenz allegedly choked Anita Plambeck. Gerald, Cindy and Shari Plambeck were arrested, handcuffed and transported to the police station. Gerald Plambeck was charged with aggravated battery, resisting a peace officer and criminal damage to property. Shari Plambeck was charged with battery and aggravated battery. Cindy Plambeck was charged with battery. After a trial on these charges, the Plambecks were found not guilty.

## II. *Discussion*

Count I of the complaint is a civil rights claim brought under 42 U.S.C. § 1983 by all the plaintiffs against officers Stone, Stutzman and Lorenz. Plaintiffs' claim the officers are liable for assault and battery, false arrest and imprisonment, malicious prosecution, illegal search and seizure, cruel and unusual punishment and denial of due process.

In Count II, plaintiffs invoke Section 1983, alleging the officers unlawfully conspired to violate their civil rights.

Count III alleges the Village of Wheeling is liable under Section 1983 for its failure to properly train, supervise and discipline officers Stone and Stutzman.

Counts IV and V are brought against the officers by Gerald, Anita, Shari, and Cindy Plambeck. Count IV alleges a pendent claim for assault and battery. Count V alleges a pendent claim for malicious prosecution.

Defendants have answered Count I with respect to the Plambecks' claims. They move to dismiss Count I with respect to the Wrenns' claims. The defendants also move to dismiss Counts II and III in their entirety.

### A. *The Wrenns' Claims*

In Counts I, II and III, Alisa and Christine Wrenn allege that witnessing the alleged disturbance caused them emotional and psychological stress. The defendants argue such a claim is not cognizable under Section 1983.

In *White v. Rochford,* 592 F.2d 381 (7th Cir.1979), the Seventh Circuit allowed that conduct by the police which results in emotional injury to bystanders may breach the due process clause.[2] In *White,* the defendant police officers arrested a car driver for drag racing on a Chicago highway. The plaintiffs, two young children, were passengers in the vehicle. Despite the driver's pleadings, the officers left the children stranded in the automobile, and transported the driver to the police station. Due to the extreme cold, the children were forced to leave the car and negotiate several lanes of traffic to reach a phone. They reached their mother, who in turn contacted the police, but again the police refused to render assistance. The children sued under Section 1983 for mental anguish.

The Seventh Circuit began its due process analysis by noting that chief among a citizen's liberty interests is that of personal security. The court also recognized that the due process clause restrains state activities which shock the conscience. Under either interpretation, said the court, physical violence is not a necessary prerequisite for a due process violation. The court concluded that, "[Although] officials may not be held liable for simple negligence, they may be held liable for 'gross negligence' or 'reckless disregard' for the safety of others." *Id.* at 385 (footnote omitted).[3]

---

**2.** *Cf. Carey v. Piphus,* 435 U.S. 247, 264, 98 S.Ct. 1042, 1052–1053, 55 L.Ed.2d 252 (1978) (mental distress caused by denial of due process is compensable under Section 1983).

**3.** The court concluded that the complaint satisfied this standard. *White,* 592 F.2d at 386.

The Seventh Circuit recently applied this reasoning to a similar circumstance, but with a different result, in *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336 (7th Cir.1985). In *Moore*, a child's parents were arrested at their house trailer in the middle of the night. The police informed the parents that the child could accompany them to the police station, stay in the squad car, or remain in the trailer. The parents chose to leave the child in the trailer. The court affirmed the grant of summary judgment in the defendants' favor with regard to the child's Section 1983 claim, holding that the police conduct, though evidencing poor judgment, did not rise to the level of gross negligence.

Central to the Seventh Circuit's analysis in *White* and *Moore*, is the extent to which the police conduct endangered the plaintiffs' personal security. While *White* affirms that physical injury is not a prerequisite for a Section 1983 claim, it allowed a cause of action for emotional distress where the distress was caused by a fear of physical harm. It was the risk of physical harm which abridged the liberty interest in personal security, and shocked the court's conscience. In *Moore*, the court essentially held that the risk of physical harm was minimal and therefore, the police conduct did not shock the conscience.

■ Indeed, plaintiffs admit they must "allege conduct which amounts to 'gross negligence,' or 'reckless disregard' [*for*] *the safety of others."* Plaintiffs' Memorandum at 9 (emphasis supplied). Under plaintiffs' own theory, they have failed to state a cause of action. The Wrenns allege only that they were in close proximity to the altercation. The fight did not involve the use of weapons. There was no shooting. In this circumstance, there was little risk to the Wrenns' personal security.[4]

In sum, the Wrenns' legitimate liberty interests were not abridged by their proximity to the altercation and the allegations of police misconduct, with respect to the Wrenns, do not shock the conscience. Ac-

cordingly, the Wrenns' claims are dismissed.

## B. *The Plambecks' Conspiracy Claim*

A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another' and 'an overt act that results in damage.'" *Hampton v. Hanrahan*, 600 F.2d 600, 620–621 (7th Cir.1979), *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), quoting *Rotermund v. United States Steel Corp.*, 474 F.2d 1139, 1145 (8th Cir.1973).

■ Plaintiffs' allegations of assault and malicious prosecution satisfy the overt act requirement. The only remaining question, then, is whether plaintiffs have sufficiently alleged a meeting of the minds. An express agreement need not be alleged. *Lenard v. Argento*, 699 F.2d 874, 882 (7th Cir.1983), *cert. denied* 464 U.S. 815, 104 S.Ct. 69, 78 L.Ed.2d 84 (1983). Facts detailing the agreement may be pleaded generally. *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir.1985). Nevertheless, plaintiffs must allege an agreement upon a single plan, the essential nature of which was known to each person who is to be held responsible for its consequences. *Lenard*, 669 F.2d at 882–883.

■ Plaintiffs contend an agreement between Stone, Stutzman and Lorenz is inferable from the allegations that Stone and Stutzman traveled outside their jurisdiction, acted along with Lorenz in their assault upon the Plambecks and filed false charges against the Plambecks. The court disagrees. There are no allegations from which to infer a meeting of the minds. The fact that the officers acted together does not, in itself, justify the inference that they acted pursuant to an agreed plan. In short, plaintiffs' allegations do not support

---

**4.** Essentially, the Wrenns claim they suffered emotional harm by merely witnessing the altercation. In this regard, they are in the same position as persons viewing an unconstitutional act on television. An argument which so extends the due process clause refutes itself.

a conspiracy claim under Section 1983. Accordingly, Count II is dismissed.

### C. Claims Against the Village of Wheeling

■ It is well settled that, to hold a municipality liable under Section 1983, plaintiffs must plead and prove they suffered deprivation of a constitutionally protected right as a result of an official policy, custom or usage of the municipality. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiffs' complaint founds liability against the Village on its failure to properly train, supervise and discipline the defendants. These allegations are quite similar to those considered by the Seventh Circuit in *Lenard.* There, the Seventh Circuit ruled that, under *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), and *Turpin v. Mailet*, 619 F.2d 196 (2d.Cir.1980), municipal liability exists "[o]nly where there is a pattern of constitutionally offensive acts with failure to invoke remedial measures [and] ... 'the supervisor's inaction amounts to deliberate indifference or tacit authorization of the offensive acts.'" *Lenard*, 699 F.2d at 886, quoting *Turpin*, 619 F.2d at 201.

At the threshold then, plaintiffs must allege a pattern of previous, similar unconstitutional acts. Plaintiffs aver that the Village had notice of prior complaints against Stone and Stutzman. In particular, they cite pending litigation in this court in which Stone is a defendant accused of "improperly arresting a citizen." Complaint at ¶ 35. Plaintiffs also allege, on information and belief, that the Village has received complaints about Stutzman's use of excessive force. *Id.* at ¶ 36.

The Village, citing *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985), argues that plaintiffs have failed to adequately allege a pattern of prior misconduct. In *Strauss*, the plaintiff submitted statistical evidence showing the police department sustained only six to seven percent of all complaints against its officers to show that the City had acquiesced in police misconduct. The Seventh Circuit affirmed dismissal of the complaint holding that the data represented nothing more than a generalized allegation unrelated to the plaintiff's injury. *Id.* at 769.

Plaintiffs attempt to distinguish *Strauss* on grounds that the alleged complaints refer to the defendants, not the police force as a whole. This fact militates in plaintiffs' favor. Yet, other defects remain. With regard to Stone, plaintiffs have failed to show any factual similarity between the pending litigation in which he is a defendant and the events in issue here. *See Ekergren v. City of Chicago*, 538 F.Supp. 770, 773 (N.D.Ill.1982). Plaintiffs vaguely describe that litigation as involving a claim for improper arrest. Missing is an explanation of the similarities between these cases. *Id.*

■ The allegation of previous complaints concerning Stutzman's prior use of excessive force is sufficiently similar to the claims made herein. It is not clear, however, that complaints establish prior misconduct or, more importantly, the Village's lack of concern. Plaintiffs' complaint is silent as to the Village's handling of these complaints. Without such allegations, it is unreasonable to infer that a policy of acquiescence by the Village with regard to similar misconduct caused plaintiffs' injuries. Plaintiffs have simply failed to allege the sort of deliberate indifference or tacit authorization required by *Lenard. See also Jones v. City of Chicago*, 787 F.2d 200, 205 (7th Cir.1986).

In sum, plaintiffs have failed to allege the sort of systemic fault required for municipal liability. *Strauss*, 760 F.2d at 770, citing *Powe v. City of Chicago*, 664 F.2d 639, 651 (7th Cir.1981). Therefore, Count III is dismissed.

### III. Conclusion

For the foregoing reasons, Count I is dismissed with regard to the claims by Christine and Alisa Wrenn. Counts II and III are dismissed in their entirety.