18-3187-cv
*Chen Gang, et al v. Zhao Zhizhen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of Januaury, two thousand twenty.

PRESENT:     ROBERT D. SACK,
             BARRINGTON D. PARKER,
             DENNY CHIN,
                     *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHEN GANG, ZOU WENBO,
                     *Plaintiffs-Appellants*,

FANG LIN, LU FENG, JANE DOE, DOES, 1-3,
                     *Plaintiffs*,

                     v.                                          18-3187-cv

ZHAO ZHIZHEN,
                     *Defendant-Appellee*,

DOES, 1-5 INCLUSIVE,
                     *Defendants*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*        The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFFS-APPELLANTS:       TERRI E. MARSH, Human Rights Law
                                 Foundation, Washington, D.C.

FOR DEFENDANT-APPELLEE:          BRUCE S. ROSEN (Zachary D. Wellbrock, *on
                                 the brief*), McCusker, Anselmi, Rosen &
                                 Carvelli, P.C., Florham Park, New Jersey.

Appeal from an order of the United States District Court for the District of

Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiffs-appellants Chen Gang and Zou Wenbo (together, "plaintiffs")

appeal from a ruling and order entered September 30, 2018, denying their motion for

leave to file a third amended complaint.  We assume the parties' familiarity with the

underlying facts, the procedural history of the case, and the issues on appeal.

The following factual allegations are drawn from the proposed third

amended complaint and are presumed to be true.[1]  Plaintiffs, followers of the spiritual

practice and religion called Falun Gong, brought this action on behalf of themselves and

others alleging that they had been tortured in the People's Republic of China due to

their religious beliefs.  Defendant-appellee Zhao Zhizhen founded the China Anti-Cult

Association ("CACA") in China and has served as a member of the Executive Council

since November 2000.  Zhao was also an executive of radio and television stations in

---

[1]      Plaintiffs actually filed two proposed third amended complaints:  one on October 11,
2013 and one on October 30, 2017.  The latter is the subject of this appeal.

2

China from 1986 to at least 2003. CACA is a not-for-profit association created by Zhao and other Communist Party members "to develop and disseminate anti-Falun Gong propaganda, and torture and interrogation methods and techniques for use by police and other security personnel to 'transform' Falun Gong practitioners." J. App'x at 429. Plaintiffs allege that Zhao directed and participated in training conferences, lectures, and classes held by CACA. Plaintiffs also allege that Zhao published "books, manuals, and reports that stressed the need to use torture and violence to 'transform' Falun Gong practitioners." J. App'x at 429. More generally, plaintiffs assert that Zhao used "his position as an influential figure in Chinese society" to call for the sustained persecution and torture of Falun Gong practitioners. J. App'x at 430. Plaintiffs represent a putative class of Falun Gong practitioners who have resided or currently reside in China, and have been subjected to forms of persecution and abuse due to their religious beliefs.

Plaintiffs filed their original complaint in 2004, asserting claims based on the Alien Tort Statute ("ATS") and the Torture Victim Protection Act ("TVPA"), against Zhao and unidentified individuals. In the intervening years, the complaint was amended and the parties engaged in motion practice. The proceedings were delayed in part because of developments in the law with respect to the ATS. On September 20, 2013, the district court dismissed the second amended complaint for lack of subject matter jurisdiction. After an initial motion for leave to amend was denied, in October 2017, plaintiffs filed a second motion for leave to amend. On September 30, 2018, the

3

district court issued the ruling that is the subject of this appeal. The district court denied leave to amend on the grounds of futility and prejudice to Zhao.

## DISCUSSION

We review a district court's denial of leave to amend on the basis of futility *de novo*, *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014), and denial of leave to amend on the basis of undue prejudice for abuse of discretion, *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015). Upon such review, we conclude that the district court properly denied the motion for leave to amend on the basis that the proposed amendment would have been futile and the filing of an amended pleading would substantially prejudice Zhao. We consider first the viability of plaintiffs' proposed third amended complaint and second the prejudice to Zhao if leave were to be granted.

### A. *Futility*

Plaintiffs allege that Zhao violated the TVPA by aiding and abetting torture that they were subjected to in China. As a threshold matter, the TVPA, unlike the ATS, "has extraterritorial application." *Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 51 (2d Cir. 2014). This Court has declined to decide, however, whether the TVPA recognizes aiding and abetting liability. *See id.* at 53 n.10. We need not answer that question today. Even assuming, without deciding, that the TVPA provides for aiding and abetting liability, plaintiffs' allegations are insufficient to state a claim. The District of Columbia Circuit has held that "[a]iding-abetting includes the following

4

elements: (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983).[2]

The district court held that the "allegations of the [complaint fail to] satisfy the third requirement," that the defendant substantially assist in the violation. S. App'x at 5. We agree. For example, plaintiffs failed to allege that Zhao directly participated in the torture, ordered any Chinese police or prison guards to carry out the torture, or assisted in the torture in any way, other than creating a propaganda polemic expressing anti-Falun Gong sentiments that some officials used in carrying out Chinese torture practices targeting Falun Gong members.[3] Plaintiffs' repeated references to Zhao's

---

[2] The parties dispute the standard that applies to an aiding and abetting claim under the TVPA (assuming such a claim exists). Zhao claims that the standard should mirror the aiding and abetting standard under the ATS. On the other hand, plaintiffs argue that the standard announced by the D.C. Circuit in *Halberstram* should apply. This Court need not and does not decide which standard applies to plaintiffs' aiding and abetting claim, because plaintiffs' claim is deficient even under their preferred standard.

[3] Plaintiffs' reliance on *In re South African Apartheid Litigation* is misplaced. 617 F. Supp. 2d 228, 265 (S.D.N.Y. 2009). In *In re South African Apartheid Litigation*, the court found that defendants aided and abetted the denationalization of black South Africans when they created computer programs "specifically designed to produce identity documents and effectuate denationalization." *Id.* These programs "were indispensable to the organization and implementation of a system of geographic segregation and racial discrimination." *Id.* Here, while plaintiffs allege that the CACA website (created by Zhao) disseminated and collected "transformation manuals" that advocated for the torture of Falun Gong followers, plaintiffs

"propaganda polemic" do not strengthen their argument because plaintiffs failed to plausibly allege that Zhao "substantially assisted" in the torture plaintiffs suffered. For these reasons, we agree with the district court that plaintiffs failed to state a plausible claim for aiding and abetting liability under the TVPA.

Plaintiffs also allege that Zhao agreed to participate in a conspiracy to torture plaintiffs due to their Falun Gong beliefs. In comparison to aiding and abetting actions, "[t]he element of agreement is a key distinguishing factor for a civil conspiracy action." *Halberstam*, 705 F.2d at 477. To maintain a civil conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003). The district court concluded that plaintiffs failed to allege the existence of an "agreement to commit torture" between Zhao and the Chinese Communist Party. S. App'x at 7. For this reason, the district court held that plaintiffs failed to sufficiently allege a civil conspiracy claim under the *Twombly* pleading standards. S. App'x at 8. We agree.[4]

_____

have failed to allege that Zhao "specifically designed" these manuals for torture purposes or that the manuals were "indispensable" to the implementation of the Falun Gong crackdown. *Id.*

[4] Plaintiffs argue that the district court erred in dismissing their conspiracy claim because, under standards established by our sister Circuits, plaintiffs have sufficiently alleged an agreement to satisfy the conspiracy pleading requirements. Both cases, from the D.C. Circuit and the Seventh Circuit, describe a relaxed standard for finding an agreement under civil conspiracy claims and have not been adopted by this circuit. Nonetheless, even assuming, without deciding, that a relaxed standard applies here, plaintiffs still fail to allege the existence of an agreement sufficient to sustain a civil conspiracy claim. Plaintiffs' reliance on *Halberstam* is

B.    *Substantial Prejudice*

Finally, we conclude that the district court did not abuse its discretion in finding that Zhao would be prejudiced if plaintiffs were permitted to file another amended complaint.  We agree that permitting plaintiffs to now add new allegations to a complaint that was originally filed over fifteen years ago would prejudice the defendant.   "[C]onsiderations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend." *Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 58 (2d Cir. 1984).  Moreover, "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998).  Here, while this case was delayed in part because of developments in the law surrounding the ATS, the passage of time is undoubtedly prejudicial to Zhao.  Accordingly, the district court did not abuse its discretion in concluding that adding new allegations in a fifteen-year-old case would be substantially prejudicial.

---

flawed because plaintiffs failed to plausibly allege that Zhao was connected to any of the tortfeasors, such as the Chinese police or prison guards.   While the plaintiffs' allegations describe Zhao as an active member in the Chinese Communist Party who expressed anti-Falun Gong sentiments, association with a political party is insufficient to support an inference of a conspiracy to torture.  Similarly, plaintiffs' reliance on *Quinones v. Szorc*, 771 F.2d 289, 290-91 (7th Cir. 1985), is also deficient because plaintiffs fail to allege that Zhao met with any of the Chinse prison guards carrying out the torture or entered any agreement to persecute Falun Gong members.

7

*   *   *

We have considered plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court