Dennis J. WALSH, Plaintiff–Appellant,

v.

SUFFOLK COUNTY POLICE DE-
PARTMENT, Richard Dormer, Com-
missioner, Sgt. Patrick D. Maher, P.O.
Michael Vaccaro, Defendants–Appel-
lees.

No. 08–2624–cv.

United States Court of Appeals,
Second Circuit.

July 1, 2009.

Stephen Bergstein, Bergstein & Ullrich,
LLP, Chester, NY, Brendan Chao, of
counsel, Great Neck, NY, for Appellant.

Chris P. Termini, Assistant County At-
torney, for Christine Malafi, Suffolk Coun-
ty Attorney, Hauppauge, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS,
Chief Judge, Hon. AMALYA L. KEARSE
and Hon. ROBERT D. SACK, Circuit
Judges.

## SUMMARY ORDER

Plaintiff–Appellant Dennis J. Walsh ap-
peals from the district court's May 5, 2008,
2008 WL 1991118, judgment granting the
defendants' motion for summary judgment
and dismissing Walsh's complaint pursuant
to Federal Rule of Civil Procedure 56.
We assume the parties' familiarity with the
facts of the case and the issues on appeal.

"We review de novo a district court's
grant of summary judgment." *Coan v.
Kaufman*, 457 F.3d 250, 254 (2d Cir.2006).
"[C]onstruing the evidence in the light
most favorable to the nonmoving party,"
*Mitchell v. Shane*, 350 F.3d 39, 47 (2d
Cir.2003), we may affirm only "if the
pleadings, the discovery and disclosure
materials on file, and any affidavits show
that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c). We may affirm a district court's judgment "on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 343 (2d Cir.1994) (internal quotation marks and citation omitted).

Walsh cannot establish that he is entitled to relief under 42 U.S.C. § 1983 for his "stigma-plus" claim. *See generally Segal v. City of New York*, 459 F.3d 207, 212–13 (2d Cir.2006) (describing elements of a "stigma-plus" claim). He alleges two relevant publications of allegedly stigmatizing statements: (1) reports contained in the files of the Suffolk County Police Department ("SCPD"), and (2) his own statements during a job interview with the Central Intelligence Agency ("CIA") regarding why he was terminated from his job with the SCPD.

An employee's liberty interest is not ordinarily implicated by statements in connection with his termination of employment if there has been no public disclosure of the reasons for the discharge. "Since the . . . communication was not made public, it cannot properly form the basis for a claim that petitioner's interest in his 'good name, reputation, honor, or integrity' was thereby impaired." *Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (footnote omitted). In *Brandt v. Board of Coop. Educ. Servs.*, 845 F.2d 416 (2d Cir.1988), we concluded that when a "plaintiff can show neither actual disclosure nor a likelihood of any future disclosure of the stigmatizing allegations subsequently removed from his personnel file, he has failed to establish a violation of his protected liberty interest in his good name, reputation, honor, or integrity." *Id.*

at 418 (internal quotation marks and citation omitted); *see also McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 216–17 (2d Cir.2006); *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 280–81 (2d Cir.1999). Indeed, counsel for defendants has stipulated that no document in Walsh's file or any other document concerning him at the SCPD will ever be made available to any third party.

Walsh has not referred to any evidence in the record that suggests that any information in his personnel file has been or will be released by the defendants. The district court properly noted that it is "insufficient for a party opposing summary judgment 'merely to assert a conclusion without supplying supporting arguments or facts.'" *Walsh v. Suffolk County Police Dep't*, No. 06–CV–2237, 2008 WL 1991118, at *6, 2008 U.S. Dist. LEXIS 36465, at *18 (E.D.N.Y. May 5, 2008) (quoting *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir.1996)). None of the statements included in Walsh's personnel files can be considered "published" for these purposes. Walsh can only proceed, then, under a theory of "compelled self-publication" related to his own disclosure to the CIA of the reasons given by the SCPD for his termination.

That leaves the question of whether Walsh's own statements to the CIA are actionable. We have never decided whether, as a matter of law, so-called "compelled self-publication" can provide the basis for relief in the "stigma-plus" context. We need not reach that issue in this case, however, because Walsh does not challenge the substantial truth of the allegedly stigmatizing statements he made to the CIA. Walsh admits that he was questioned by the police regarding an incident with a woman with whom he had a relationship, that the police searched his home in con-

junction with the investigation, that he failed to disclose this incident when he applied to the SCPD, and that this is why he was fired by the SCPD.

A name-clearing hearing is sufficient to protect the liberty interests implicated in a "stigma-plus" claim. *Segal,* 459 F.3d at 214. But there is no entitlement to such a hearing when the "substantial accuracy" of the allegedly defamatory statements is not challenged. *Codd v. Velger,* 429 U.S. 624, 628, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977). Suggesting that an individual engaged in factually undisputed conduct by mistake "is not enough to raise an issue about the substantial accuracy of [a] report." *Id.*; *see also Smith v. Lehman,* 689 F.2d 342, 345–46 (2d Cir.1982), *cert. denied,* 459 U.S. 1173, 103 S.Ct. 820, 74 L.Ed.2d 1018 (1983). Because Walsh admits the substantial truth of what he published to the CIA, he has not established that he was harmed by not having a name-clearing hearing, and his stigma-plus claim, therefore, fails. *See Codd,* 429 U.S. at 628–29, 97 S.Ct. 882.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.